[619 NYS2d 568]

In the Matter of HENRY H. FRIEDMAN (Admitted as HENRY HOWARD FRIEDMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 8, 1994

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Henry H. Friedman,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Henry H. Friedman, was admitted to the practice of law in New York by the Second Judicial Department on October 20, 1954 under the name Henry Howard Friedman. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On or about February 18, 1994 respondent pleaded guilty in the United States District Court for the Eastern District of New York to one count of willful failure to make and timely file an income tax return, in violation of 26 USC § 7203, which is a misdemeanor under the United States Code. On or about June 29, 1994, he pleaded guilty in the Supreme Court, County of New York, to one count of offering a false instrument for filing in the second degree, in violation of Penal Law § 175.30, and one count of failure to file a tax return or report, in violation of Tax Law § 1801 (a), both of which are misdemeanor offenses. Respondent's conviction was the result of his failure to timely file New York State and New York City tax returns for the years 1988 through and including 1992. Respondent also submitted a false voucher to the Assigned Counsel Plan of New York City for payment of $2,147.50.

As a result of respondent's conviction in Federal court in February 1994, the Departmental Disciplinary Committee (the DDC) petitioned this Court on May 9, 1994, for an order determining that the crime of which respondent had been convicted is a "serious crime" as defined by the Judiciary Law and the Rules of this Court, suspending respondent from the practice of law, and directing respondent to show cause before the DDC why a final order of censure, suspension, or disbarment should not be made. In view of the instant motion by respondent wherein he seeks permission to resign from the Bar, however, the Court has been withholding any decision on the DDC's petition.

In his affidavit dated July 5, 1994, by which respondent seeks permission to resign as a member of the Bar pursuant to Rules of this Court (22 NYCRR) § 603.11, respondent states that his resignation is freely and voluntarily rendered, that he is not subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Respondent acknowledges therein the pending disciplinary investigation and, since he has pleaded guilty and admitted

his guilt, that he could not successfully defend himself on the merits against the charges. He requests that the Court accept his affidavit of resignation and grant his request to resign from the Bar.

The DDC supports respondent's request and recommends that the resignation be accepted and respondent's name be stricken from the roll of attorneys, effective immediately.

Respondent's affidavit of resignation fully complies with section 603.11 of this Court's Rules. Respondent acknowledges that (1) he is the subject of pending disciplinary investigation into allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily rendered; (3) he has not been subjected to coercion or duress; (4) he is fully aware of the implications of submitting his resignation; and (5) if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Accordingly, the DDC's request that its petition (M-2748 [July 11, 1994]) be withdrawn should be granted and this Court should accept respondent's resignation and strike his name from the roll of attorneys, effective immediately.

SULLIVAN, J. P., KUPFERMAN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Motion to accept the resignation of the above-named respondent is granted, and his name directed to be struck from the roll of attorneys and counselors-at-law, effective immediately.